IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MALCOLM LANIER GUIDRY, | § | |
| TDCJ # 1777748, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-3251 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Malcolm Lanier Guidry (TDCJ # 1777748), is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). He seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court felony conviction that was entered against him in 2012. He has not paid the filing fee ($5.00); nor has he filed a motion for leave to proceed *in forma pauperis*. On November 19, 2014, the Court ordered Guidry to show cause within **thirty days** why this case should not be dismissed pursuant to the one-year statute of limitations found in 28 U.S.C. § 2244(d). The Court also ordered Guidry to either pay the filing fee or submit a because it is evident the petition is

barred by the motion for leave to proceed *in forma pauperis*. Guidry has not responded to the Court's orders. The action will be **dismissed** for the reasons stated.

## I.     BACKGROUND

A jury found Guidry guilty of possession of a controlled substance and assessed punishment of 30 years in state court cause number 1303140 in the 232nd District Court of Harris County, Texas, on March 30, 2012. *See* Harris County District Clerk Website, http://www.hcdistrictclerk.com. Guidry filed an appeal. The Texas Court of Appeals for the Fourteenth District of Texas affirmed the trial court's judgment on February 28, 2013. *Guidry v. State*, No. 14-12-00338-CR, 2013 WL 776277 (Tex. App. – Hous. [14th Dist.], pet. ref'd). Guidry filed a petition for discretionary review (PDR) which was refused by the Texas Court of Criminal Appeals on June 26, 2013. *Id.*; *see also* Court of Criminal Appeals Website, http://www.search.txcourts.gov/. There is no allegation or record indicating that Guidry filed a state application for a writ of habeas corpus, pursuant to Article 11.07 of the Texas Code of Criminal Procedure.

Guidry filed the pending federal petition for a writ of habeas corpus on October 28, 2014.[1] In this petition, Guidry complains that he was denied effective assistance

---

[1]     Although the Clerk's Office recorded the petition as filed on November 10, 2014, Guidry executed the memorandum in support of the petition on October 28, 2014, indicating that he placed his pleadings in the prison mail system on that same day [Doc. # 1, p. 10]. For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal

of counsel at trial, and in support of his argument, alleges that his trial attorney failed to: (1) introduce evidence that Guidry was not the owner of the property where the drugs were found; (2) conduct an adequate investigation of the location where the drugs were found; and (3) interview witnesses who lived near the location who would have testified that Guidry was not linked to the drugs . As discussed further below, the Court finds that his petition is subject to dismissal because it is barred by the applicable one-year statute of limitations.

## II.     THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or

---

petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

>   laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). According to 28 U.S.C. § 2244(d)(2), statutory tolling of the limitations period is available for the time during which a properly filed "state post-conviction or other collateral review with respect to the pertinent judgment or claim[.]" In other words, the time during which a properly filed application for "state post-conviction or other collateral review" is pending shall not count toward the limitation period found in § 2244(d)(1).

The one-year limitations period clearly applies to the pending petition. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). A district court may

dismiss a petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

Because Guidry challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Court of Appeals affirmed the trial court's judgment on February 28, 2013, and Guidry's PDR was refused on June 26, 2013. Guidry had 90 days from that date, or until September 24, 2013, to file a petition for a writ of certiorari with the Supreme Court of the United States. Because no petition for a writ of certiorari was filed, that date triggered the statute of limitations for federal habeas corpus review, which expired one year later on September 24, 2014.

Guidry's pending federal habeas corpus petition, filed on October 28, 2014, was filed 34 days after the limitations period had expired and is therefore time-barred unless a statutory or equitable exception applies. Although ordered to respond, Guidry has failed to allege or assert any argument or claim that refutes the finding that his federal habeas petition is untimely. Guidry has not shown in his petition that he was subjected to any state action that impeded him from filing his petition. 28 U.S.C. § 2244(d)(1)(B). He has not made reference to a newly recognized constitutional right

upon which the habeas petition is based; nor has he presented a factual predicate of the claims that could not have been discovered before the challenged conviction became final. 28 U.S.C. § 2244(d)(1)(C),(D). Therefore, the pending federal habeas petition is subject to a time-bar because it was filed more than a year after the conviction became final. 28 U.S.C. § 2244(d)(1)(A).

### III.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for a federal writ of habeas corpus challenging a state court decision under 28 U.S.C. § 2254 [Doc. # 1] is **DISMISSED** with prejudice as barred by the statute of limitations.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the petitioner and will provide a copy of the petition and this Memorandum and Order to the respondent and the Attorney General by providing one copy to the Attorney General of the State of Texas, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548.

SIGNED at Houston, Texas, on January 13, 2015.

_____
Nancy F. Atlas
United States District Judge